# Phœnixville, Appellant, *v.* Eyrich.

*Boroughs — Hawkers — Peddlers — License — Ordinance — Sale on street—Butchers.*

1. A borough ordinance which prohibits any person without a license "to sell or offer for sale at retail upon the streets of the borough, or from house to house, any goods, wares or merchandise of any kind, or of any meat, fish, groceries, provisions or foods of any kind, except milk," is a valid exercise of the municipal power.

2. In a proceeding to collect the penalty for the violation of such an ordinance, the case is for the jury, where it appears that the defendant, a butcher, not only sold meat from his shop, but also sent his wagon from house to house with 200 or 300 pounds of meat cut up into half pound parcels every day; that the persons to whom the parcels were delivered had asked him for credit; that such persons selected such quantity and kind of meat out of the wagon, and that then and only then was a charge made by the defendant in his book. Such a case is for the jury inasmuch as it depends upon the oral testimony of a large number of persons; and this is so although such testimony is uncontradicted.

Argued Nov. 22, 1911. Appeal, No. 116, Oct. T., 1911, by plaintiff, from judgment of C. P. Chester Co., April T., 1907, No. 20, on verdict for defendant in case of Phœnixville Borough v. Calvin R. Eyrich. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Reversed.

Appeal from judgment of a burgess. Before HEMPHILL, P. J.

The facts appear by Phœnixville Borough v. Eyrich, 42 Pa. Superior Ct. 241, and by the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various portions of the charge and (5) answer to plaintiff's first point, quoted in the opinion of the Superior Court.

*Gibbons Gray Cornwell,* with him *Samuel A. Whitaker,* for appellant.

*T. Walter Gilkyson,* with him *H. H. Gilkyson,* for appellee.

OPINION BY MORRISON, J., March 1, 1912:

This is a second trial and judgment in this case which was here on appeal by plaintiff (42 Pa. Superior Ct. 241). In that appeal this court, speaking through our Brother HEAD, held the ordinance valid and said: "We do not think the court could properly declare, as a pure question of law, whether the transactions amounted to sales on the streets or whether they were but, as the defendant contended, deliveries on the street from house to house of meat previously ordered from the shop. We believe that question was a mixed one of law and fact which could only be determined by the jury after proper instructions by the court." We do not discover any material and substantial difference between the facts disclosed by the evidence in the first and second trials, and, therefore, the appeal in 42 Pa. Superior Ct. 241, furnishes, in our opinion, ample instruction for a proper trial of the case, and it would seem that the learned trial judge misunderstood our opinion in the former trial or else he would not have withdrawn the case from the jury except, as he expressed it, as to "cash sales on the street."

The plaintiff's first point (fifth assignment) seems to us to have fairly stated the questions at issue and that point ought to have been affirmed and the general charge should have been in harmony therewith. Said point and answer are as follows: "If the jury find that defendant each day cut up a quantity of meat, being beef, pork, et cetera, amounting to two hundred pounds, or three hundred pounds in his store, into one-half pound pieces, or thereabouts, loaded it into a wagon which drove around amongst a large number of persons who had asked him for credit, and that these persons selected such quantity and kind of meat as they desired out of the bulk in the wagon (no piece or pieces being designated in any way for

any particular person), and that then and only then was the charge made by the defendant in his book, such a course of business constitutes selling on the street, and the ordinance in question is violated." Answer of the court: "That point is refused, as I have already charged you fully on that branch of the case."

In our opinion, the other assignments of error must also be sustained, because the trial judge was wrong in undertaking to decide as a matter of law that the transactions described in the first point did not violate the ordinance. But there is another reason why the present judgment must be reversed. The plaintiff's case, and also that of the defendant, depended largely upon oral testimony and it is too well settled to require a citation of authorities that such testimony must be submitted to the jury. This is so even where the oral testimony is undisputed, because a jury may not believe a witness's testimony even though it be uncontradicted. The trial judge could not assume the truth of the alleged facts put in evidence as to the manner of the conduct of the defendant's business in regard to the sales of 200 or 300 pounds of meat per day from a wagon at the residences of many different persons. Just as we said before the testimony raised a mixed question of law and fact which could only be determined by the jury after proper instructions by the court.

The third assignment complains of the court for saying to the jury, "that unless they find cash sales on the street to be so frequent as to be the regular business, they should find for the defendant. This is technically erroneous, but we do not apprehend that the trial judge meant to limit such sales to those that were for cash at the time of the sale. It must be true that if the defendant sent his man and team about the streets of the borough and sold meat to whoever desired to purchase it for cash and on credit, that the credit sales would be as obnoxious to the ordinance as the cash ones.

The assignments of error are sustained, and the judgment is reversed with a venire facias de novo.